**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RANDY ZAPATA,

      Appellant,

      v.

UNITED STATES POSTAL SERVICE,

      Agency.

DOCKET NUMBER
AT-0752-14-0360-I-1

DATE: December 23, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Randy Zapata, Miami-Gardens, Florida, pro se.

Ronald E. Jones, Esquire, Dallas, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal of an alleged reduction in grade or pay for lack of Board jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant was reassigned from the position of Mail Processing Clerk to the position of City Carrier without a loss of pay when the facility where he worked was closed. Initial Appeal File (IAF), Tab 5 at 8-10, 21. He filed this appeal alleging that he was reduced in grade or pay, given a negative suitability determination, and that the agency failed to restore or improperly restored him to duty after he suffered a compensable injury. IAF, Tab 1 at 3.

¶3 The record showed that the appellant is not a management or supervisory employee, nor is he an employee engaged in personnel work in other than a purely nonconfidential clerical capacity. IAF, Tab 5 at 7. He is not a preference eligible. IAF, Tab 1 at 1, Tab 5 at 12. His PS-50 forms show a reassignment to a different position at an equivalent grade without any loss of pay. IAF, Tab 5 at 8, 10. The record also includes a September 16, 2013 letter from the District Reasonable Accommodation Committee denying his requested reasonable accommodation. *Id.* at 21. The letter states that he was unable to perform the duties of a Mail Processing Clerk and that the "data entry clerk" position requested by his physician was unavailable. *Id.*

¶4     The appellant did not respond to the administrative judge's order regarding his jurisdictional burdens for adverse action and restoration to duty appeals. *See* IAF, Tab 4. Accordingly, the administrative judge found that the appellant failed to allege any facts that would bring the appeal within the Board's jurisdiction. IAF, Tab 6, Initial Decision (ID) at 3. The administrative judge also found that the Board lacked jurisdiction to decide any affirmative defenses that the appellant might have raised. ID at 3. Accordingly, the administrative judge dismissed the appeal. ID at 3.

¶5     The administrative judge decided the appeal correctly. The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board does not have jurisdiction over all matters involving a federal employee that are allegedly unfair or incorrect. *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995). The appellant bears the burden of proof on the issue of the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i).

¶6     A preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity in the U.S. Postal Service who has completed 1 year of current continuous service in the same or similar positions may appeal a reduction in grade or pay to the Board. *See* 5 U.S.C. §§ 7511(a)(1)(B), 7512(3), (4), 7513(d); *Anderson v. U.S. Postal Service*, 109 M.S.P.R. 558, ¶ 6 (2008). As the record shows and the administrative judge correctly found, the appellant is not a preference eligible; his past and present positions are neither managerial nor supervisory; and he is not engaged in personnel work in other than a purely nonconfidential clerical capacity. IAF, Tab 1 at 1, Tab 5 at 7-8, 10 12. His PS-50 forms do not show a loss of pay or grade because of the position change. IAF, Tab 5 at 8-10. Other than his bare allegation on the appeal form, *see* IAF, Tab 1 at 3, the appellant offered nothing to show that he was seeking restoration

after a compensable injury. Accordingly, we find no basis for the Board to exercise jurisdiction over this matter.

¶7 We also note that the appellant's petition for review is late-filed. A petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on March 18, 2014. ID at 1. The initial decision states that it would become the Board's final decision on April 22, 2014, in the absence of a petition for review or a Board decision to reopen the case on its own motion. ID at 3. On August 27, 2014, the appellant sent the regional office a letter requesting reconsideration of the appeal. Petition for Review (PFR) File, Tab 1. The appellant stated that he did not receive the initial decision and that he had been unable to determine whether it had been issued from the Board's e-Appeal system. *Id.* at 2. Board records show that the initial decision was served by electronic mail on the date of issuance. *See* IAF, Tabs 6, 7. The finality date of April 22, 2014, thus applies.

¶8 The Board will waive its time limit for filing only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). A late-filed petition for review must be accompanied by a motion that shows good cause for the untimely filing, unless the Board has specifically granted an extension of time or a motion for an extension is pending. *Id.* The motion must be accompanied by an affidavit or statement signed under penalty of perjury, which includes the reasons for failing to request an extension before the filing deadline; and a specific and detailed description of the circumstances causing the late filing, accompanied by supporting documentation or other evidence. *Id.* The Office of the Clerk of the Board informed the appellant of his burden to show good cause and of the applicable regulations. PFR File, Tab 2. The Clerk's letter included a copy of the Board's standard affidavit/signed statement. *Id.* at 7-8. The appellant did not

respond to the Clerk's letter. In light of our dismissal of this appeal based on jurisdiction, however, we need not address whether the appellant showed good cause for the delay. *See Taylor v. Department of the Army*, 107 M.S.P.R. 638, ¶ 1 (2008).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.